UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
SHLOMO OVED
on behalf of himself and
all other similarly situated consumers

       Plaintiff,

   -against-


STEPHENS AND MICHAELS ASSOCIATES, INC.,
PINNACLE CREDIT SERVICES, LLC,
LVNV FUNDING LLC AND
RESURGENT CAPITAL SERVICES L.P.

      Defendants.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Shlomo Oved seeks redress for the illegal practices of Stephens and Michaels Associates, Inc., Pinnacle Credit Services, LLC, LVNV Funding LLC and Resurgent Capital Services L.P., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant Stephens and Michaels Associates, Inc.'s principal place of business is located in Salem, New Hampshire.

5.      Upon information and belief, Defendants LVNV Funding LLC and Resurgent Capital Services L.P.'s principal place of business is located in Albany, New York.

6.      Defendant LVNV Funding is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

7.      Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

8.      Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

9.      Defendant LVNV has been the Plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

10.     Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

11.     Defendant Resurgent Capital Services L.P. operates a collection agency.

12.     Defendant Resurgent holds one or more collection agency licenses.

13.     Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

14.     As of the date of the collection letter, sent to the Plaintiff on October 28, 2015, Pinnacle Credit Services LLC was the "Current Owner" and "Client" of the alleged debt.

15.     Upon information and belief, LVNV Funding, LLC and Resurgent Capital Services LP have previously purchased Pinnacle Credit Services LLC.

16.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17.     Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Relationship between LVNV Funding and Resurgent Capital*

18.   Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees. (Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug 9, 2010)).

19.   All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

20.   Defendant LVNV formerly stated on its Web-site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

21.   Defendant LVNV also stated on its Web-site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection

agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

22.   The Web-site has since become inactive, but the above statements continue to describe the relationship between LVNV and Resurgent.

23.   Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

24.   On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

### *Jurisdiction and Venue*

25.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

26.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Shlomo Oved*

27.   Upon information and belief, Plaintiff Shlomo Oved fell behind on paying his bills, which happened to include a consumer debt purportedly owed to Chase Bank.

28.   Sometime thereafter, on or about May 31, 2009, the alleged debt with Chase Bank became charged-off.

29.   Under federal banking regulations, a credit card debt must be charged off when it is one hundred and eighty days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account

Management Policy, 65 FR 36903 (June 12, 2000).

30.     "Charge-off" means that the credit card receivable is no longer carried on a bank's books as an asset.

31.     Chase Bank from which Defendant Pinnacle Credit. allegedly purchased the debt did not charge interest after the charge-off.

32.     Pinnacle Credit allegedly bought/obtained this debt, and upon information and belief, on a date better known to the Defendants, the Defendants began to attempt to collect the debt from the Plaintiff.

33.     On or about October 28, 2015, Defendant Stephens and Michaels Associates, Inc. sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

34.     The debt became time barred in or about May of 2015, and therefore, the said October 28, 2015 collection letter that offered to settle debt violated FDCPA.

35.     Defendants regularly attempt to collect debts on which the statute of limitations has expired.

36.     Nothing in the said October 28, 2015 letter disclosed the date of the transactions giving rise to the claimed debt.

37.     Nothing in the said October 28, 2015 letter disclosed that the debt was barred by the statute of limitations or not legally enforceable.

38.     It is the policy and practice of the Defendants to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

39.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . .When

a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with *Asset Acceptance*, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

40.   Stephens and Michaels' nondisclosure is exacerbated by the offers of a "one time settlement" in the said letter.

41.   Offering a "settlement" on a time-barred debt is also the false representation of "the character, amount, or legal status of any debt". 15 U.S.C. § 1692e(2)(A).

42.   The settlement offers in the said letter suggest that the debt is recent enough to be legally enforceable. Daugherty v. Convergent Outsourcing, Inc., No. 15-20392, 2016 U.S. App. LEXIS 16531, at *1-2 (5th Cir. Sep. 8, 2016) "The issue presented by this appeal is whether a collection letter for a time-barred debt containing a discounted "settlement" offer—but silent as to the time bar and without any mention of litigation—could mislead an unsophisticated consumer to believe that the debt is enforceable in court, and therefore violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. After receiving such a letter, the plaintiff credit card debtor sued the defendant debt collectors pursuant to the FDCPA. The district court dismissed the complaint, holding that efforts to collect time-barred debts without threatening or filing suit do not violate the FDCPA. We reverse. While it is not automatically unlawful for a debt collector to seek payment of a time-barred debt, a collection letter violates the FDCPA

when its statements could mislead an unsophisticated consumer to believe that her time-barred debt is legally enforceable, regardless of whether litigation is threatened." Buchanan v. Northland Grp., Inc., 776 F.3d 393, 397 (6th Cir. 2015) (same) McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1020 (7th Cir. 2014). (same).

43.   The unsophisticated consumer would not read a collection letter stating that the debt buyer is authorized to accept less than the full balance due as settlement of the account as pertaining to an obligation that is purely a moral one and not legally enforceable.

44.   Indeed, the essence of the distinction between a settlement offer and attempted fraud or extortion is whether the offer has a good faith belief that there is a colorable legal obligation.[1]

45.   Thus, besides for engaging in deception because it "failed to disclose that debts were too old to be legally enforceable or that a partial payment would restart the clock," the said letter is in misrepresentation of "the character, amount, or legal status of any debt" as misrepresenting dates concerning the debt.

46.   The FTC has determined that it is "deceptive" for a debt collector to request payment of time-barred debts without disclosure of that fact.  The FTC's conclusion was justified by most courts.

47.   The Defendants ignored the FTC's 2009 warning, and thus violated the FDCPA. Furthermore, Stephens and Michaels' offer of a "settlement" on a time-barred debt also violates the FDCPA because it implies to the unsophisticated consumer that the debt is

---

[1] See Collection Prof'ls, Inc. v. Logan, 695 N.E.2d 1344, 1347 (3rd Dist. 1998); (Accord and satisfaction requires a bona fide dispute); WM. C. McGlynn v. D.B. Scott, 58 N.W. 460, 463 (N. Dak. 1894) ("The law favors the settlement of honest differences, but it will not countenance extortion and fraud."); In re Morton Allan Segall, 509 N.E.2d 988, 991 (Ill. 1987) (Letters offering settlement were "calculated to deceive"). Defendants' letter is a calculated effort to imply the existence of a valid, legally- enforceable obligation. Even in the absence of a reference to litigation, Defendants' letter is deceptive.

recent enough to be legally enforceable.[2]

48.     Defendants violated the FDCPA because their offer to settle the debt implied that the debt was recent enough to be legally enforceable.[3]

49.     Even if there is no reference to litigation, a debt collection agency collecting an out-of-statute debt still violates the prohibition in the FDCPA against the false representation of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

50.     Said letter provided a false, deceptive, or misleading representation or means in connection with the collection of any debt; the false representation of the character, amount, or legal status of any debt; and for the threat to take any action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

51.     The Plaintiff also called and spoke to Sean Johnson, a representative of Stephens and Michaels on or about April 19, 2016 regarding the alleged time-barred debt.

52.     The representative himself admitted to the Plaintiff that the charge-off date on the said Chase Bank debt was May 31, 2009, at which point the debt was deemed to be uncollectable and was then sold to a debt collection company.

53.     The Defendant further informed the Plaintiff that the debt had a "default interest rate of 16%."

---

[2] See Delgado v. Capital Mgmt. Servs. LP, 2013 U.S. Dist. LEXIS 40796 (C.D. Ill. 2013). (*Delgado* argues that by offering to "settle" her account, *CMS* came "about as close to a direct statement that a debt is legally enforceable through litigation without using the words 'litigation' or 'legally enforceable.'" (Pl.'s Resp. to Mot. to Dismiss 3, ECF No. 32.) This Court agrees with others who have found it plausible that an unsophisticated consumer could [20] be deceived into believing that the offer of settlement implies a legally enforceable obligation to pay the debt.), See Magee v. Portfolio Recovery Ass'ns, LLC, 12-cv-1624, 2013 U.S. Dist. LEXIS 8500, 2013 WL 239100, at *5 (N.D. Ill. January 17, 2013). (Whether settlement language is misleading and confusing as to there being a legally enforceable obligation to pay is a fact-intensive inquiry that is not properly resolved at the pleading stage.)

[3] McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1021 (7th Cir. 2014). (Collection letter that offered to settle claim without litigation violated FDCPA where litigation on debt was time-barred), Holt v. LVNV Funding, LLC, 2015 WL 7721222, at *3 (S.D. Ind. Nov. 30, 2015). (letter offering "release of all liability" in exchange for "settlement" was sufficient to state claim for false representation because it suggested that the creditor could sue on a time-barred debt when, in fact, it could not lawfully do so), Buchanan v. Northland Group, Inc., 776 F.3d 393, 399 (6th Cir. 2015). (letter which referenced "settlement offer" could plausibly mislead consumer into believing that creditor could sue on time-barred debt)

54.     The Plaintiff's balance on the said charged-off Chase Bank account was around $20,000.00 at the time of charge-off.

55.     The said October 28, 2015 letter however, represented the amount due to be $115,011.45.

56.     The Defendants were attempting to collect from the Plaintiff, an amount not owed and never owed anywhere near the amount stated in the October 28, 2015 letter.

57.     The Defendants were reporting a debt that was past the Statute of Limitations.  Plaintiff pulled his credit report on November 5, 2015 and discovered that Defendant Pinnacle Credit was reporting the debt as due and owing.

58.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(5).

59.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

60.     The said October 28, 2015 letter was the Defendants' initial communication with the Plaintiff.

61.     15 U.S.C. § 1692g of the FDCPA provides:

        (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice

-9-

containing-

(1) the amount of the debt.

62. The said letter failed to provide the consumer with the actual amount of the debt.

63. The statements in the said letter and the statements made by the Defendant during the April 19, 2016 telephone conversation, were false because the Defendants had neither a contractual, nor a statutory, right to claim that interest or other charges would accrue and would continue to accumulate on the debt. By falsely stating that they could add interest and other charges to the amount of the debt, Defendants made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

64. Defendants, by charging or threatening to charge interest and other charges on amount of the debt, where they had neither a contractual, nor a statutory, right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

65. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §1692k.[4]

66. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692f, 1692f(1) and 1692g(a)(1) for engaging in deceptive, misleading, and unfair practices and for failing to accurately state the amount of the debt.

67. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-

---

[4] Burch v. Midland Funding, LLC, No. 14-219 (N.D. Ill. Sept. 29, 2014). (Because Midland Funding did not contract directly with Burch...... The complaint does not and need not hinge on the difference between the two letters. Instead, the complaint alleges a violation of the FDCPA because Midland Credit improperly sought to collect interest.),McDonald v. Asset Acceptance LLC, No. 2: 11-cv-13080 (E.D. Mich. Aug. 7, 2013). ("Asset purchased the debts subject to the waiver, thereby precluding Asset from imposing interest or revoking the original creditors' waiver. As such, Asset's false statements regarding the total amount of the debt in the collection actions constitutes violations of § 1692e(2)(A) and § 1692f(1)."), Stratton v. Portfolio Recovery ([The Defendant] as [the Creditor's] assignee, moreover, "acquire[d] no greater right than was possessed by [its] assignor . . . but simply stands in the shoes of the latter." Whayne Supply Co. v. Morgan Constr. Co., 440 S.W.2d 779, 782-83 (Ky. 1969). [The Defendant] cannot be given a right to collect interest—contractual or statutory—that [the Creditor] waived. Based on the limited record before the panel, [the Plaintiff] has plausibly alleged that [the Defendant] does not have a legal right to collect interest on [the Plaintiff's] debt.

barred debts without disclosure of that fact.

68. The said October 28, 2015 collection letter was further deceptive and misleading as it merely identified the total balance due yet failed to disclose that the balance may increase due to interest and fees.

69. The Plaintiff was left uncertain as to whether the total balance due was accruing interest as there was no disclosure that indicated otherwise.

70. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

71. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "total balance due stated on the notice will not know whether the debt has been paid in full.

72. In fact, Resurgent informed the Plaintiff on or about August 12, 2016, in a letter mailed to him that there was an increase in his balance due to an amount of $119,803.92.

73. The debt collector did seek interest that accumulated after the notice was sent but before the balance was paid, or it could have sold the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

74. The statement of a total balance due, without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

75. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the

reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

76.     Collection notices that state only the total balance due, but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e. <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72 (2d Cir. 2016)

77.     The Plaintiff and the least sophisticated consumer would be led to believe that the total balance due is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

78.     In fact, however, interest was accruing daily and the Defendants had tried to collect this interest from the Plaintiff.

79.     A consumer who pays the total balance due stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendants could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

80.     The Defendants violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

81.     A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

82.     15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

83. The said letter is a standardized form letter.

84. Defendants' October 28, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

85. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

86. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

87. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

88. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

89. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

90. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendants' collection efforts.

91. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the

FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

92. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

93. As an actual and proximate result of the acts and omissions of Stephens and Michaels Associates, Inc., Pinnacle Credit Services, LLC, LVNV Funding LLC and Resurgent Capital Services LP, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.***

94. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through ninety three (93) as if set forth fully in this cause of action.

95. This cause of action is brought on behalf of Plaintiff and the members of three classes and three subclasses.

96. Class A consists of all persons whom Defendants' records reflect (a) resided in the State of New York (b) to whom Stephens and Michaels, Pinnicle, LVNV, Resurgent or any debt collector employed by them (c) sent a letter seeking to collect a debt that referred to a "one time settlement" (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter, or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than

four years prior to the letter (e) which letter was sent on or after October 28, 2015, (f) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt. There are three subclasses of the revised Class A.

97.     Subclass 1 consists of those members of Class A who were sent a "Validation Notice" similar to one attached, to Plaintiff's Complaint. The Validation Notice neither contained the date on which Pinnacle Credit had purchased the debt nor the date of default.

98.     Subclass 2 includes all persons in Class A who were sent a collection letter by Stephens and Michaels Associates, Inc.

99.     Subclass 3 includes all persons whose debts were passed the Statute of Limitations, after the inception of the delinquency that resulted in a charge-off.

100.    Class B consists of all persons whom Defendants' records reflect (a) resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 28, 2015; and (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Pinnacle Credit Services, LLC; and (c) the collection letter was not returned by the postal service as undelivered; (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692f, 1692f(1) and 1692g(a)(1) for engaging in deceptive, misleading, and unfair practices and for failing to accurately state the amount of the debt.

101.    Class C consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as

the letter sent to the Plaintiff on or about October 28, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

102.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.   Based on the fact that a form collection letter and a telephone communication is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

    C.   The only individual issue is the identification of the consumers who received such collection letters or who had similar such telephonic communications (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

    D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

103. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

104. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

105. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

106. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

107. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances

Dated: Cedarhurst, New York
September 16, 2016


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)

7 Stiles Rd.
Salem, NH 03079

TO PAY BY CREDIT CARD
COMPLETE THIS SECTION

| CARD NUMBER | | CC-ID# | EXP. DATE |
| --- | --- | --- | --- |
| CARD HOLDER NAME (please print) | | | SIGNATURE |

Client: Pinnacle Credit Services LLC
Our File #: _____15
Total Balance Due: $115,011.45
**AMOUNT ENCLOSED  $** _____

October 28, 2015

|ₗₗ|ᴵᴵₗₗₗₗₗₗₗᴵᴵᴵ|ₗₗₗₗₗₗₗₗᴵₗᴵᴵᴵᴵ|ᴵᴵₗₗₗₗₗₗₗₗₗₗₗₗₗₗₗᴵᴵᴵᴵᴵ|ₗₗₗ

Shlomo Oved
483 Chestnut St
Cedarhurst, NY 11516-2019

|ₗₗₗₗₗₗᴵᴵᴵᴵᴵᴵₗₗₗₗᴵₗₗₗₗₗₗᴵᴵᴵᴵᴵₗₗₗₗₗₗₗₗᴵₗₗₗₗᴵₗᴵᴵₗₗₗₗₗₗₗᴵᴵ|ₗᴵᴵ|ₗ

**STEPHENS & MICHAELS ASSOCIATES, INC.**
7 Stiles Rd.
Salem, NH 03079

--------------------------------------------------------------------------------
↑ TO ENSURE PROPER CREDIT TO YOUR ACCOUNT, PLEASE RETURN TOP PORTION WITH YOUR PAYMENT ↑

October 28, 2015

7 Stiles Rd. ■ Salem, NH 03079
Toll Free: 866-652-7376 ■ Fax: 866-755-9713

www.smacollects.com

**STEPHENS MICHAELS** Associates, Inc.

Original Creditor:  Chase Bank
Original Account #: _____8050
Current Owner:  Pinnacle Credit Services LLC
Current Account #: _____
Client: Pinnacle Credit Services LLC
Our File #: _____15
Total Balance Due as of the Date of this Letter:  $115,011.45

Dear Shlomo Oved,

We've been authorized to offer a one time settlement by our client Pinnacle Credit Services LLC. Take advantage of these great savings by calling in to set up your payments or by mailing in the payment coupon located at the top of the letter. If you can't make these payments call us for a temporary payment arrangement and still qualify for these great savings.

If a payment resulting in the PIF or SIF of an account is returned "NSF", the PIF or SIF is nullified.

| Single Payment: | 3 Month Payment Plan: | 6 Month Payment Plan: |
| --- | --- | --- |
| ➤  $23,002.29 One-Time Payment | ➤  $11,501.15 Per Pay | ➤  $6,709.00 Per Pay |

"In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.
(2) the following notice:
"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; 11. Ninety percent of your wages or salary earned in the last sixty days."

Our commitment is sincere.  Don't pass up this great opportunity.  Call us today to make an arrangement that works for you!

**PLEASE RESPOND**

☎  Toll Free: 866-652-7376 ■ Fax: 866-755-9713

✉  Send correspondence to:  STEPHENS & MICHAELS ASSOCIATES, INC., 7 Stiles Rd., Salem, NH 03079

🕐  Office Hours:  Monday through Friday, 8:30 am to 9:00 pm Eastern Time and Saturday, 8:30 am to 2:00 pm Eastern Time

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this

651 / 000000001 of 0001
**SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**
Page 1 of 2 000020705